UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-CV-274-JD |
| | ) | |
| ANDREW J. GRACE, *et alia*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Now before the court is Plaintiff United States of America's Motion for Entry of Default Judgment [DE 17] against Defendants Andrew J. Grace; Kristine M. Grace; and Anthony Wayne Credit Adjuster. The Motion for Default Judgment was filed on February 5, 2013, and it is hereby granted.

## **BACKGROUND**

On or about June 29, 2010, Defendants Andrew and Kristine Grace ("the Graces") executed and delivered a promissory note ("the Note") in the amount of $139,742.00 [DE 1 at 2] to Plaintiff, the United States of America ("United States"), acting through the United States Department of Agriculture Rural Housing Service. The Graces then secured the Note through a mortgage ("the Mortgage") on real property in Wells County, IN. [DE 1 at 4]. On the same day, the Graces and the United States entered into a Subsidy Repayment Agreement, under which the United States agreed to abate the interest on the loan so long as the Graces did not default. The Complaint alleges that the Graces did default on the Note, and that the United States is the holder of the Note and the Mortgage. [DE 1 at 2]. No Defendant has entered an appearance or answered the Complaint.

1

In this motion, the United States seeks a default judgment finding that the United States is entitled to (1) a judgment in the amount alleged in the complaint [DE 1 at 3]; (2) a finding that the mortgage is a valid, first and subsisting lien on the real property noted above superior to all claims, liens, or interests that have or may be asserted against the real property by the Graces [DE 1 at 5]; (3) a finding that the equity of redemption and interest in the real property is barred and foreclosed; and (4) an order that the real property should be sold and the proceeds of the sale should be applied to the indebtedness due to the Government, with any surplus paid to the Clerk subject to further order. In support of its damages claim, the Government submits an affidavit from Suzanne Starko, an employee of the United States Department of Agriculture. [DE 17-1]. It also earlier submitted the relevant loan documents with the Complaint. [DE 1 at 7-28].

**DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under FRCP 55(b)(2), there must be an entry of default as provided by Federal Rule of Civil Procedure 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D.Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). The clerk has done so here. [DE 16]. Accordingly, the Court may now enter a default judgment under FRCP 55(b)(2). However, the Court must exercise its discretion in issuing a default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as evidenced by "a party's continuing disregard for the

litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence" *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

In the present case, the Defendants have "exhibited a willful refusal to litigate the case properly," based upon their "continuing disregard" and failure to "exercise even a minimal level of diligence." *Id*. The Plaintiffs were unable to accomplish service on the Defendants by name, or by alias. [DE 3-4; DE 7-8]. But the Court granted the Plaintiffs leave to accomplish service by publication, which was done properly in November of 2012. [DE 13; DE 14]. Not even the clerk's entry of default on December 28, 2012 [DE 16] has prompted any Defendant to appear or defend. Thus, default is not based on a simple technicality, and there is no apparent reason why the Court should not proceed to considering a default judgment in favor of the Plaintiff.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). All well-pleaded allegations of the complaint will be taken as true. *Id*. In this case, the Court must take as true the United States' assertion that the Graces defaulted on the Note; that the Note is secured by the Mortgage; that the United States holds the Note and the Mortgage; and that the United States' interest is prior and paramount to the interests of all other parties in the action. Still, while the well-pleaded allegations of the complaint with respect to liability are generally taken as true, the amount of damages must still be proved. *Id*. As a result, when considering a motion for default judgment, a court often must hold a hearing to determine damages. *O'Brien*, 998 F.2d at 1404. But if the damages are "capable of ascertainment from definitive figures contained in documentary evidence or detailed affidavits", such a hearing is unnecessary. *Id*.

In this case, a hearing to determine the amount of the debt owed to the United States by the

Graces is unnecessary. The United States has provided sufficient documentary evidence for the court to determine the amount of debt owed by the Graces to the United States. The United States provided the Note as an exhibit attached to the Complaint. The Note establishes the principal amount owed and puts forward the terms and conditions of the loan. Additionally, the United States has provided the Subsidy Repayment Agreement detailing the amount of recaptured interest to be paid. Finally, the total amounts owed, including the United States' calculation of the per diem interest accrual rate of $18.51/day, are verified by the affidavit of Suzanne Starko, who is responsible for overseeing the servicing of the loan in question. [DE 17-1]. Therefore, the Court can, with reasonable certainty, determine the amount owed by the Graces to the United States without holding a hearing to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is hereby **GRANTED**. Judgment shall be **ORDERED** against the Defendants in the amount of $150,944.84,[1] plus interest at the rate of $18.51 per day from January 14, 2013 until May 14, 2013, in the amount of $2,239.71 for a total of $153,184.55. The Court hereby **DECLARES** the Plaintiff's Mortgage to be a valid, first and subsisting lien on the real estate described as follows:

> Situated in the State of Indiana, County of Wells
>
> LOT NUMBERED THIRTY (30) AS KNOWN AND DESIGNATED ON THE RECORDED PLAT OF GREENFIELD FARMS, SECTION 2, A SUBDIVISION OF THE CITY OF BLUFFTON, WELLS COUNTY, INDIANA RECORDS.
>
> Commonly known as: 1649 Clark Ave., Bluffton, IN 46714

Further, the Court hereby **ORDERS** the Mortgage on the real estate foreclosed, **BARS** all of the

---

[1] This amount comes from the outstanding principal balance of $138,783.07, plus accrued interest in the amount of $10,070.85, plus interest credit subject to recapture in the amount of $2,090.92.

Defendants Andrew and Kristine Grace's equity of redemption and interest in the real estate, and **ORDERS** the sale of the real estate pursuant to applicable law in order to pay the judgment of Plaintiff, with the proceeds of said sale to be first applied to the indebtedness of the Plaintiff secured by the Mortgage hereby foreclosed, and with any then-remaining surplus paid to the Clerk of the Court to be disposed of as the Court shall direct.

SO ORDERED.

ENTERED:  May 14, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court